IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY SEATTLE DIVISION

| | |
|---|---|
| DALE BROWN,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF KENT, a municipal corporation, D. MCCUISTION, individually and in his capacity as Commander of the Kent City Jail, and MR. WARD, individually and in his capacity as Sergeant of the Kent City Jail, and JOHN/JANE DOES 1-XX,<br><br>      Defendants. | NO.<br><br>PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES |

COMES NOW the plaintiff DALE BROWN, by and through his attorneys of record, the Law Offices of Davis S. Roth, and states and alleges as follows:

### I.  SUMMARY OF CLAIMS

1.1    Dale Brown was a non-violent offender incarcerated at the Kent City Jail in the autumn of 2018 due to an alleged violation of the terms of his probation. Prior to and during his period of incarceration, various officers at the Kent City Jail, including defendants Sergeant Ward and Commander McCuistion, knew or should have known that Dale Brown suffered from pre-existing and severe spinal injuries that made it unsafe for him to use the top level of a

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1 of 9

**Law Offices of**
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com

bunkbed due to the potential falling hazard. In fact, Sergeant Ward was explicitly informed of this danger and explicitly assured Dale Brown's daughter that Dale Brown would be assigned to a bottom bunk. Notwithstanding these assurances, and having knowledge of Dale Brown's medical needs, Defendants negligently failed to provide Dale Brown with the reasonable medical accommodation of assigning him to a bottom bunk and otherwise failed to make reasonable medical accommodations for his pre-existing medical conditions.

1.2    As a direct consequence of being assigned to a top bunk which he could not safely get down from due to his pre-existing medical issues, and due to unreasonable rousting from Kent City Jail staff to rapidly get off the top bunk, Dale Brown fell from the top bunk, slammed into the floor, and suffered serious personal injuries on or about November 23, 2018 including but not limited to acute encephalopathy and seizure.

1.3    Mr. Brown was initially treated at Valley Medical Center before being taken back to the Kent City Jail that same day. When Dale Brown returned to Kent City Jail, Defendants placed him in an unsanitary isolation cell that Kent City used as an "infirmary" where he remained for several days. The toilet in this cell was overflowing with sewage which the Kent City Jail staff permitted to remain on the floor of Mr. Brown's cell for prolonged periods. During this period, Mr. Brown was denied access to the medications prescribed by Valley Medical Center and was otherwise denied him access to reasonable and appropriate medical care. He was also not provided with food he could eat due to his lack of teeth.

1.4    Due to the Kent City Jail's negligence in maintaining this isolation cell in a sanitary condition, and their deliberate indifference to Mr. Brown's medical needs, Mr. Brown developed a serious staph infection on his hip which presented itself as multiple hip abscesses.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2 of 9

Law Offices of
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com

The abscesses progressed as the days went by and began to smell like rotting flesh. It would have been obvious to any lay person looking at the abscess that Mr. Brown required immediate medical attention. Mr. Brown repeatedly informed staff at the Kent City Jail of his medical condition, but defendants took no immediate action to address his obvious medical needs.

1.5     Defendants continued to deprive Mr. Brown of reasonable medical care through at least December 1, 2018. When Dale Brown's daughter and granddaughter visited him on that date, they observed him as being obviously ill and in pain. One of the abscesses on his hips was at least the size of a grapefruit and was surrounded by swollen bright red tissue indicating the presence of a serious infection.

1.6     After this visit, still on December 1, 2018, both of Dale Brown's daughters called the Kent City Jail, spoke with Defendant Ward, and explained her concerns that Dale Brown was not receiving adequate medical care for what was clearly a serious infection. Acting with deliberate indifference to Dale Brown's medical needs, Defendant Ward refused to take action to provide Dale Brown with medical care. Instead, during the second phone call, he yelled to the effect of "What is it that you want from me?" and "I'm not going to do this with you" before hanging up the phone call.  The Kent City Jail did not schedule a medical doctor to evaluate Dale Brown's condition until approximately December 5, 2018.

1.7     During the scheduled medical examination on December 5, 2018, the medical doctor immediately recommended that Dale Brown be transferred to the Emergency Department at Valley Medical Center for further evaluation and treatment. He was subsequently diagnosed with MRSA Due to the delay Kent City Jail caused in providing Dale Brown with access to appropriate and reasonable medical care, Mr. Brown was diagnosed with sepsis due to his staph

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3 of 9

Law Offices of
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com

infection and required substantial care at Valley Medical Center including but not limited to surgery. He was not discharged from Valley Medical Center until December 17, 2018 when he was sent back to the Kent City Jail.

1.8 Over the next six days, and with full knowledge of Dale Brown's substantial medical needs, the Kent City Jail failed to provide him with reasonable medical accommodations and continued to act with deliberate indifference to Dale Brown's medical needs.

1.9 On December 23, 2018, Dale Brown was rushed back to the Valley Medical Center due to an acute renal injury which resulted either from Dale Brown's fall, the staph infection he contracted and medication he required due to Kent City Jail's unsanitary conditions in its infirmary, and/or from Kent City Jail's failure to provide him with adequate medical care when he returned to Kent City Jail on December 17, 2018. He remained at Valley Medical Center until December 25, 2018 and has continued to suffer from the lasting impacts of these injuries and conditions thereafter.

## II.   PARTIES, JURISDICTION, AND VENUE

2.1 Plaintiff DALE BROWN resides in Kent, King County, Washington.

2.2 Defendant CITY OF KENT is a municipal corporation located in King County, Washington.

2.3 Defendant D. MCCUISTION is an individual believed to be residing in King County, Washington. At all times relevant hereto, Defendant D. MCCUISTION was the Commander of the Kent City Jail and was acting within the course and scope of his employment with Defendant City of Kent. All acts and omissions of D. MCCUISTION were done under color of law and under the authority of his position as the Commander of the Kent City Jail.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4 of 9

**Law Offices of**
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com

2.4 Defendant WARD is an individual believed to be residing in King County, Washington. At all times relevant hereto, Defendant WARD was a Sergeant at the Kent City Jail and was acting within the course and scope of his employment with Defendant City of Kent. All acts and omissions of Defendant WARD were done under color of law and under the authority of his position as a Sergeant at the Kent City Jail.

2.5 Plaintiff anticipates that there will be other individual defendants, not currently known by name, who were employed by and/or were agents of the City of Kent and who bear liability for the allegations herein. Because plaintiff does not currently know the names of all such individuals, they are identified in this complaint as John/Jane Does 1-XX, and plaintiff may seek to amend this complaint to add them as individual defendants as discovery and investigation progress. All acts and omissions of John/Jane Does 1-XX were done within the course and scope of their employment, under color of law, and under the authority of their positions as officers and employees at the Kent City Jail.

2.6 This court has jurisdiction over the subject matter and the parties.

### III. CLAIMS

3.1 Under Washington law, Defendants CITY OF KENT and its employees, departments, agents, and contractors, owe a special duty to provide for the health, welfare, and safety of its inmates, including plaintiff Dale Brown. *Gregoire v. City of Oak Harbor*, 244 P. 3d 924, 170 Wash.2d 628 (2010). This special duty includes but is not limited to a responsibility provide reasonable medical accommodations to the City of Kent's inmates to avoid unreasonable risk of injury. It further includes a responsibility to maintain the jail in a sanitary condition.

3.2 Pursuant to the Americans with Disability Act, the Defendants owed a duty to

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5 of 9

**Law Offices of**
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com

Dale Brown to provide him with reasonable medical accommodations for his pre-existing spinal injuries.

3.3 Defendants breached these duties owed to Dale Brown by failing to provide him with a bottom bunk and by otherwise failing to provide him with reasonable medical accommodations.

3.4 Dale Brown fell from his top bunk and sustained personal injuries as a result of defendants breaches outlined in Paragraph 3.3.

3.5 As a result of this fall, Dale Brown was placed in the Kent City Jail's "Infirmary."

3.6 Due to being placed in the "Infirmary", and due to the Defendant's unreasonable and negligent failure to maintain this "Infirmary" in a sanitary condition, Dale Brown contracted a staph infection.

3.7 Under the Eighth Amendment to the U.S. Constitution, Defendants CITY OF KENT and its employees, departments, agents, and contractors, have a duty to provide adequate medical care to the City's inmates and cannot act with deliberate indifference to their inmates medical needs.

3.8 For more than a week, Defendants in fact acted with deliberate indifference to Dale Brown's staph infection and other injuries, causing them to significantly progress beyond their normal course.

3.9 Plaintiff hereby brings all applicable claims available to him under 42 U.S.C. § 1983.

3.10 Upon information and belief, defendants may also be liable under the doctrines of negligent hiring, negligent training, and/or negligent supervision of their employees and agents

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6 of 9

Law Offices of
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com

who failed to provide reasonable medical accommodations, failed to exercise reasonable care, and acted with deliberate indifference Dale Brown's medical needs.

3.11   Dale Brown endured significant pain and suffering and required extensive reasonable and necessary medical treatment as a result of Defendants breaches.

## IV. DAMAGES

4.1   As a collective result of Defendants' acts and omissions, plaintiff Dale Brown sustained various personal injuries, including but not necessarily limited to, a head injury, a seizure, a staph infection, sepsis, and an acute kidney injury.

4.2   Plaintiff Dale Brown's related injuries required necessary medical treatment.

4.3   Due to these injuries, plaintiff Dale Brown experienced mental and physical pain and suffering and other non-economic damages and with reasonable probability will continue to so suffer into the future.

4.4   Due to these injuries, plaintiff Dale Brown incurred reasonable and necessary medical expenses, out-of-pocket expenses, and other economic damages.

4.5   Defendants are jointly liable for plaintiff's injuries and damages.

## V.   LIMITED MEDICAL WAIVERS

5.1   Plaintiff, pursuant to RCW 5.60.060, as amended by the laws of 1986, hereby grants limited waiver of the physician-patient privilege. The scope of this waiver is as follows:

A.   This waiver shall take effect regarding this lawsuit for personal injuries on the 89th day from the date the action was filed;

B.   This waiver shall be subject to such limitations as the Court may impose. This waiver shall at all times be limited by an order entered in connection therewith by the King County Superior Court; and

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7 of 9

**Law Offices of**
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com

C. This waiver shall only apply to the privilege that exists under RCW 5.60.060 and shall not be deemed to be broader in its scope or apply to physician-patient privileges nor governed by RCW 5.60.060. Constitutional rights of privacy, impairment or interference with the doctor/patient relationship, and other rights not governed by RCW 5.60.060 regarding physician-patient relationships are not waived. This waiver is made solely to comply with the legal obligation required by the 1986 amendment to RCW 5.60.060 requiring such waiver within 90 days of the filing of an action for personal injuries.

## VI.   RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

6.1   Special Damages.  For judgment in the amount of plaintiff's special damages in the form of past, present and future medical expenses and/or other economic damages.

6.2   General Damages.  For non-economic damages including but not limited to disability, pain and suffering, and loss of enjoyment of life, in an amount proven at the time of trial.

6.3   Interest.  For pre-judgment interest at the statutory rate on all items of special damages including, but not limited to, expenses of medical care, treatment and past wage loss.

6.4   Attorneys' Fees.  For an award of attorneys' fees as authorized by Washington law.

6.5   Further relief.  For such further relief as seems just to the Court and/or the jury.

6.6   Permission to Amend.  For permission to amend pleadings to conform to the proof offered during discovery or at the time of trial.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 8 of 9

Law Offices of
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com

1  DATED this _30th_ day of November 2020.   DAVID S. ROTH, P.S. dba
2                                                       LAW OFFICES OF DAVID S. ROTH

3                                                       /s/ *Gavin L. Davis*_____
                                                        Gavin L. Davis, WSBA #47278
4                                                       David S. Roth, WSBA #12812
                                                        Attorney for plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 9 of 9

**Law Offices of**
**DAVID S. ROTH**
2601 4th Ave, Ste 470
Seattle, WA 98121
PH: 206-447-8665
FX: 206-223-4021
david@legalroth.com